### UNITED  STATES  DISTRICT  COURT
### SOUTHERN  DISTRICT  OF  OHIO
### WESTERN  DIVISION

---

Marshall J. Martin, et. al.,
       Plaintiffs

    vs
                                   Case No. C-1-04-631
                                         (Dlott, J.)
David Henry, et. al.,
                                   (Hogan, M.J.)
       Defendants

---

## REPORT AND RECOMMENDATION

---

       This matter is before the Court on the Motion of Defendants Assistant Clinton County Prosecutor David M. Henry and Detective Douglas Estes for Judgment on the Pleadings (Doc. 14), Plaintiffs' Response to Order to Show Cause of July 13, 2005 (Doc. 18)[1], and Defendants' Reply thereto (Doc. 19).

## BACKGROUND

       This matter stems from a criminal case which was pending before the Clinton County Court of Common Pleas.  Plaintiffs brought this action against various Clinton County Defendants arising from a search of their property and subsequent arrest for drug trafficking on September 17, 2002.  (Doc. 1, Complaint at ¶ 8).  Plaintiffs allege that Defendant Estes, a detective with the Clinton County Sheriff's Office, trespassed upon and searched Plaintiff's residence without a warrant on September 17, 2002.  (Id. at ¶¶ 5, 8).  Plaintiffs were then indicted by Defendant Assistant Clinton County Prosecutor David M. Henry.  (Id. at ¶¶ 4, 16,

---

[1] On July 13, 2005, the Court ordered Plaintiff's to show cause why their Complaint should not be dismissed.  (*See* Doc. 15).

17).  Plaintiff Martin subsequently pled guilty and was sentenced on August 9, 2005.  (*See* Doc. 19, Ex. A, Judgment Entry of Sentence)[2].  Plaintiff Roberts' underlying criminal action based on these actions is currently pending in state court.  (Id. at p.7, ¶5).  Although their Complaint mentions money damages, Plaintiffs primarily seek equitable relief, more specifically, an order enjoining the underlying state prosecution.  (Id.).  Plaintiffs have also challenged the alleged trespass and search on the basis of the Fourth and Fourteenth Amendments to the Constitution in a motion to suppress in the state court proceedings.  (Id., Ex. A).

Defendant argues that Plaintiffs are seeking relief from this Court which would preempt the state court's authority to determine the validity of the search and seizure of evidence in the underlying criminal action.  For this reason, Defendant contends that this Court should abstain from addressing Plaintiffs' claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  Defendants also argue that Plaintiffs' claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Finally, Defendants argue that, while both Defendants are entitled to qualified immunity, Defendant Henry is entitled to absolute prosecutorial immunity.

### OPINION

Absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state  proceedings.  *Younger v. Harris*, 401 U.S. 37 (1971).  Under *Younger*, the federal court must abstain where the state proceeding (1) is currently pending; (2) involves an important state interest; and (3) affords the plaintiff an adequate opportunity to raise his constitutional claims."  *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995), citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989).  *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-05 (1975).  Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that

---

[2] Federal courts may take judicial notice of proceedings in other courts of record. *Rodic v. Thistledown Racing Club, Inc.,* 615 F. 2d 736, 738 (6th Cir. 1980)(quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969), *cert. denied*, 397 U.S. 1065 (1970)).  Moreover, this fact is not in dispute. (*See* Doc. 18, at p. 4). Thus there is no need to convert Defendants' motion into one for summary judgment.

would call for equitable relief." *Younger,* 401 U.S. at 46, 53, 54.  *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

   With respect to Plaintiff Roberts' claims, all three factors supporting *Younger* abstention are present in this case.  First, Plaintiff's criminal case is currently pending in the Clinton County Court of Common Pleas.  Second, the criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere.  *See Younger*, 401 U.S. at 43-45.  Third, there is no evidence that the state criminal proceedings cannot provide an opportunity for Plaintiff to raise her constitutional claim with respect to Defendant's search of Plaintiffs' property and seizure of evidence.  Regarding this factor, the federal court must presume that the state courts are able to protect the interests of a federal plaintiff. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995), citing *Pennzoil Co.*, 481 U.S. at 15.

   Moreover, Plaintiff has not alleged facts showing the existence of extraordinary circumstances barring abstention.  While Plaintiff alleges that Defendants acted in concert with other defendants in order to confiscate seventeen acres of Plaintiffs' property, Plaintiff must offer "some evidence that abstention will jeopardize his due process right to an impartial adjudication." *Brooks v. New Hampshire Supreme Court*, 80 F.3d 633, 640 (1st Cir. 1996).  There exists a "presumption of honesty and integrity in those serving as adjudicators." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975).  Here, Plaintiff's conclusory allegations fail to overcome this presumption.  Plaintiff presents no facts or evidence showing that Defendants' actions in the criminal case are motivated by bad faith or an intent to harass Plaintiff. Thus, the Complaint fails to establish the presence of extraordinary circumstances mitigating against the application of *Younger* abstention.

   In light of the above, the three elements necessary for abstention under *Younger* have been met and Plaintiffs have alleged no facts showing that extraordinary circumstances exist barring abstention.  Accordingly, the Court should abstain from adjudicating the merits of Plaintiff Roberts' federal constitutional claims.

   Having determined that the Court should abstain under the *Younger* doctrine, the question before the Court is whether Plaintiff Roberts' Complaint, or at least the equitable claims sought therein, should be dismissed without prejudice or stayed pending the resolution of the state criminal proceedings. Any determination

by this Court with respect to whether Plaintiffs are entitled to monetary damages would necessarily implicate the same issue regarding the validity of the search warrant which is at issue in the state court criminal proceeding against Plaintiffs. While the Court may, "in its discretion, decline to exercise its equitable powers" with respect to Plaintiff Roberts' request for injunctive relief, Plaintiff's claims for damages are not within the Court's discretion. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1079 (6th Cir. 1998)(Moore, J., dissenting). Thus, in order to retain the Court's jurisdiction over Plaintiff Robert's §1983 action for damages, the appropriate procedure is to stay Plaintiff's damage claims pending the resolution of the state court criminal proceedings. *Brindley, v. Mccullen*, 61 F.3d 507 (6th Cir. 1995) ; *Feaster, v. Miksch*, 846 F.2d 21 (6th Cir. 1988).  In contrast, while both *Brindley* and *Feaster* contain general pronouncements with respect to the appropriateness of staying the federal proceedings,[3] neither court was called to decide the issue with respect to equitable claims.[4]  As such, we can find no support within this Circuit for the proposition that Plaintiff Roberts' equitable claim for relief, namely an order enjoining the underlying state prosecution, should be stayed rather than dismissed on abstention grounds.  For this reason, the Court recommends that Plaintiff Roberts' equitable claim for relief be dismissed without prejudice on abstention grounds. *Kelm v. Hyatt*, 44 F.3d 415 (6th Cir. 1995); *see also Meyers v. Franklin County Court of Common Pleas*, 23 Fed.Appx. 201 (6th Cir. Aug. 7, 2001).

On the other hand, Plaintiff Martin's state court proceedings have concluded.  Thus, his § 1983 claim for injunctive relief is now moot.  We need, therefore, only address his § 1983 claim for monetary damages.  Plaintiff Martin

---

[3] The court in *Feaster* stated that "it is clear that federal courts must stay their proceedings when a federal plaintiff seeks injunctive or declaratory relief that would interfere with a state criminal or quasi-criminal proceeding . . . ."  846 F.2d at 22.  Similarly, the court in *Brindley*, advised the district court that "the appropriate procedure, when abstaining under *Younger*, is to stay the proceedings rather than to dismiss the case without prejudice" 61 F.3d at 509.

[4] In *Feaster*, plaintiffs brought a §1983 action for damages only and therefore the court held that "when disposition of a federal action for damages necessarily requires the resolution of issues that will determine the outcome of pending state criminal proceedings, *Younger* requires that the federal action not proceed."  846 F.2d at 24.  Likewise, in *Brindley*, the plaintiffs withdrew the issue of whether the district court's abstention was appropriate with respect to the equitable issues involved.

has no right to relief on this claim since a ruling in his favor would necessarily cast doubt on his state court conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Chatman v. Slagle*, 107 F.3d 380, 382 (6th Cir. 1997).   A § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486-87; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir.1995)(stating that "*Heck* applies as much to prisoners in custody as to persons no longer incarcerated"). When a plaintiff's successful § 1983 damages action would necessarily imply that his sentence or conviction was invalid, the complaint must be dismissed unless the plaintiff can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus in order to proceed with the § 1983 action.  *Heck,* 512 U.S. at 486-87; *Schilling*, 58 F.3d at 1085.

Plaintiff challenges the lawfulness of the search and his resulting arrest as resting upon an improperly obtained warrant.  However, Plaintiff has failed to identify a compensable constitutional injury resulting from the alleged illegal search of his property.  While the parties have not provided the Court with a complete record of the state court proceedings, it appears from the pleadings that the search challenged by Plaintiff directly led to his arrest on drug charges, and that his drug convictions in turn rested upon the evidence seized during the challenged search.[5]  Thus, it is impossible to view Plaintiff's claims as anything other than a challenge to his conviction.  Plaintiff has, therefore, failed to establish that an award of damages in this case would not necessarily imply the invalidity of his conviction.  As Plaintiff has not demonstrated that his conviction has been invalidated by a federal or state court or other appropriate tribunal, he may not proceed with a § 1983 action for money damages. *Id*.  Accordingly, we find that Plaintiff Martin's § 1983 claim for damages should be dismissed without prejudice. *Schilling*, 58 F.3d at 1083.

## IT IS THEREFORE RECOMMENDED THAT

---

[5]  While Plaintiff pled guilty, the pleadings submitted indicate that the evidence seized as a result of the challenged search was not suppressed by the Court.  (Doc. 1, Ex. A, Motion to Reconsider; Doc. 8, Answer, at ¶3).  There is further no indication of evidence independent of the search which was used in Plaintiff's prosecution.

1)      Defendants' Motion for Judgment on the Pleadings (Doc. 14) be
        GRANTED consistent with the decision herein;

2)      Plaintiff Robert's claim against Defendants for injunctive relief be
        DISMISSED WITHOUT PREJUDICE; and

3)      Plaintiff Roberts' claims for damages be STAYED pending the
        resolution of the underlying state prosecution; and

4)      Plaintiff Martin's claim against Defendants for injunctive relief be
        DISMISSED as moot; and

5)      Plaintiff's Martin's § 1983 claim against Defendants for damages be
        DISMISSED WITHOUT PREJUDICE.



Date:   9/12/2005              s/Timothy S Hogan
                              Timothy S. Hogan
                              United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

J:\SMITHLE\MTNDISM\Martin.12c.wpd

1'. 04 cv 631 doc. 2 1

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by ( *Printed Name*)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Marshall J Martin<br>Debra Roberts<br>Po Box 913<br>Wilmington, OH 45177 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)* ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)*  7004 0750 0003 9306 0929 | |
| PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540 | |